# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTONIO WHEELER,

        Plaintiff,

v.

THE STATE OF NEVADA, *et al.*,

        Defendants.

Case No.: 2:24-cv-00838-GMN-NJK

**Order and Report and Recommendation**

(Docket Nos. 1, 1-2)

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

## I.   *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II.   Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A. Claim 1 – Clark County Commissioners

Construing Plaintiff's complaint liberally, Plaintiff's first claim alleges that Clark County Commissioners (named Defendants Susan Brager, Lawrence L. Brown, III, Chris Giunchigliani, Marilyn Kirkpatrick, Mary Beth Scow, Steve Sisolak, and Lawrence Weekly) acted negligently and violated his First and Fourth Amendment rights when they enacted Clark Code County ("CCC") § 16.11.070, which prevents obstructive uses of public sidewalks. Docket No. 1-2 at 8.[1] However, a negligent act by a person acting under color of state law does not rise to the level of a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 333 (1986). As such, Plaintiff's

---

[1] Though Plaintiff's complaint asserts 18 U.S.C. § 242 (which institutes criminal penalties for depriving a person of their constitutional rights under the color of law) as the basis for his constitutional claims, the Court liberally construes his complaint as asserting civil claims pursuant to 42 U.S.C. § 1983.

complaint fails to state a colorable claim to the extent that it asserts that the named Clark County Commissioners acted negligently in adopting CCC § 16.11.070.

Normally, the Court would grant Plaintiff leave to amend. However, the actions of the Commissioners in drafting and enacting CCC § 16.11.070 are entitled to legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 55-56 (1998); *Kaahumanu v. Cnty. of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003). Thus, amendment would be futile.

B. Claim 2- Las Vegas Metropolitan Police Department

Plaintiff's second claim asserts that the Las Vegas Metropolitan Police Department ("Metro") violated Plaintiff's First and Fourth Amendment rights when Metro officers continually enforced CCC § 16.11.070 by issuing Plaintiff citations and by arresting him. Docket No. 1-2 at 9. Plaintiff does not name any individual officer by name or identify any specific arrest or citation.[2]

To impose liability on a municipal entity under § 1983, a plaintiff must show that an " 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)). A plaintiff must allege: (1) he possessed a constitutional right of which he was deprived; (2) the municipal entity had a policy; (3) this policy amounts to deliberate indifference to plaintiff's constitutional right; and, (4) that the policy was the moving force behind the constitutional violation. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (quoting *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

Prior to *Iqbal*, the Ninth Circuit had a liberal pleading policy with respect to *Monell* claims, requiring nothing more than "a bare allegation that government officials' conduct conformed to some unidentified government policy or custom." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). However, district courts "now generally dismiss claims that fail

---

[2] Plaintiff also names Kevin McMahill as a defendant but makes no allegations involving McMahill. Docket No. 1-2 at 6. Municipal officers may be sued in their official capacities, but the plaintiff must allege that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690. Here, Plaintiff only makes general allegations regarding Metro's policies and no allegations regarding McMahill's role in promulgating those policies. Therefore, the Court recommends dismissing the claims against McMahill without prejudice.

3

to identify the specific content of the municipal entity's alleged policy or custom." *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015).

In his complaint, Plaintiff does not identify a Metro policy other than a bare allegation that officers enforced the law. Docket No. 1-2 at 6, 9.  Under *Iqbal*, the court finds Plaintiff's bare allegations are insufficient to give fair notice and to enable Metro to defend itself effectively.  *See AE ex rel. Hernandez*, 666 F.3d at 637 (citing *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)).  As such, Plaintiff fails to state a colorable *Monell* claim against Metro.  As a result, Plaintiff's claim against Metro is dismissed without prejudice with leave to amend.

If he files an amended complaint, Plaintiff must identify a factually specific policy of Metro that led to a violation of his constitutional rights.  For example, in *Taylor v. Metro*, 2:19-cv-995-JCM-NJK, 2019 WL 5839255 at *15 (D. Nev. Nov. 7, 2019), the court found that plaintiff had sufficiently pled a *Monell* claim against Metro for promulgating the policy of "citing street performers for obstruction *per se* when they use a table or other object for First Amendment expression."

C. Claim against the State of Nevada

Plaintiff names the State of Nevada as a defendant in his first claim.  However, Plaintiff fails to state a colorable claim against Nevada.  Plaintiff neither identifies any action taken by Nevada nor makes any factual allegation involving Nevada.  It appears that Plaintiff misconstrues CCC § 16.11.070 as a state law rather than a county ordinance.

Even if Plaintiff made factual allegations regarding the State of Nevada, the Court would be required to dismiss those claims with prejudice without leave to amend, because amendment would be futile.  *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee of four hundred five dollars ($405). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-2) on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 20, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff fails to file an amended complaint, the Court will recommend that his complaint be dismissed. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

///
///
///
///
///
///

4. Further, IT IS **RECOMMENDED** that the claims against the Clark County Commissioners, Kevin McMahill, and the State of Nevada be **DISMISSED without leave to amend.**

**IT IS SO ORDERED.**

Dated: August 22, 2024

Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).